IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36853-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH LYNN PARTRIDGE, | ) | UNPUBLISHED OPINION |
| aka ELIZABETH LYNN DARNOLD, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Elizabeth Partridge appeals from two convictions for third degree assault and one count of second degree criminal trespass. Her appeal issues are moot and the issues raised in her statement of additional grounds (SAG) are without merit. Accordingly, the judgment is affirmed.

FACTS

Ms. Partridge was convicted on the three noted counts at a jury trial in the Chelan County Superior Court. The court imposed a drug offender sentencing alternative (DOSA) sentence. One of the conditions of the sentence was that Ms. Partridge "not associate with persons known to have a felony criminal background." The judgment also indicated that interest would be imposed on all financial obligations.

Ms. Partridge timely appealed to this court. After the brief of appellant was filed, the parties entered an agreed order removing the noted community custody condition and the interest provision. The State therefore did not file a brief of respondent. Ms. Partridge did file a SAG. RAP 10.10(a).

This court then considered the appeal without hearing argument.

ANALYSIS

The brief of appellant presented two issues that both became moot with the entry of the agreed order. The SAG presents two issues which we briefly address.

An appeal is moot when an appellate court cannot provide effective relief. *In re Det. of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986). In some instances, the public interest will justify consideration of an otherwise moot appeal. *Id.* This is not one of those instances. The brief of appellant sought removal of the "known to have a felony criminal background" condition and the interest provision. Both were subsequently eliminated by agreed order. There is nothing more for this court to do. Those issues are now moot.

The SAG argues that the court erred in not giving her a deferred prosecution and that her trial counsel performed ineffectively. The problem for Ms. Partridge on the latter issue is that she has no evidence in the record suggesting that counsel erred in any of the respects she now claims. Accordingly, we decline to consider this argument due to lack of an evidentiary basis. RAP 10.10(c). Her remedy, if she believes she has a factual

2

basis for this argument, is to file a personal restraint petition with which she could file an affidavit describing the evidence she has available to prove her claim. *E.g.*, *State v. McFarland*, 127 Wn.2d 322, 338 n.5, 899 P.2d 1251 (1995); *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

The deferred prosecution argument fails on legal grounds. A deferred prosecution is available in the limited jurisdiction courts in accordance with CrRLJ 4.2(i) and ch. 10.05 RCW. The criminal rules for courts of limited jurisdiction govern criminal proceedings in courts of limited jurisdiction. CrRLJ 1.1. The superior court is not a court of limited jurisdiction. *Compare* RCW 2.08.010 *with* ch. 3.02 RCW. The superior court follows the criminal rules in criminal proceedings. CrR 1.1. Chapter 9.94A RCW is the sole basis for felony sentencing in Washington. RCW 9.94A.905.

Neither the criminal rules nor RCW 9.94A contain any provision authorizing deferred prosecutions. RCW 10.05.010(1) explicitly limits eligibility for deferred prosecutions to persons charged with a misdemeanor or gross misdemeanor in courts of limited jurisdiction, such as district or municipal court, but does not provide for deferred prosecution in superior court. Further, the defendant must petition the court for deferred prosecution prior to trial and prior to being convicted. That did not happen here.

A deferred prosecution is not available to felony offenses. The SAG issues are without merit.

No. 36853-0-III
*State v. Partridge*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, J.